IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE JAMES SMITH, #02234-120, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 21-cv-01296-JPG |
| | ) |
| USP MARION and | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendants. | ) |

### ORDER DISMISSING CASE

**GILBERT, District Judge:**

In October 2021, Plaintiff Willie James Smith filed this action against the Federal Bureau of Prisons (FBOP) and the United States Penitentiary at Marion, Illinois (USP-Marion) pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed it without prejudice on January 12, 2022. (Doc. 7). Plaintiff was granted leave to file a First Amended Complaint on or before February 10, 2021, and he was warned that the action would be dismissed with prejudice, if he failed to do so. He was also warned that the dismissal would count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). (*Id*.).

Plaintiff missed the deadline for filing the First Amended Complaint, and he did not seek an extension. On February 22, 2022, the Court entered an Order Dismissing Case (Doc. 8) and Judgment (Doc. 9).

Plaintiff then filed a Motion to Reconsider on April 4, 2022, citing a prison transfer for his failure to file a timely First Amended Complaint. (Doc. 12). The Court agreed that his failure to amend was the result of excusable neglect and granted the motion to reconsider, vacated the

1

dismissal order and judgment, and ordered him to file a First Amended Complaint on or before May 4, 2022. (Doc 13).

Plaintiff once again missed the deadline for filing a First Amended Complaint. His mail was returned undeliverable. (Docs. 7, 13, and 15). On May 13, 2022, the Court entered a Notice of Impending Dismissal. (Doc. 16). Plaintiff was given an additional fourteen days to file a First Amended Complaint. He was also warned that the action would be dismissed with prejudice and a "strike" if he failed to file it by May 27, 2022. (*Id.*).

Instead, Plaintiff filed a letter asking the Court to screen his First Amended Complaint on May 23, 2022. (Doc. 17). Three days later, the Court entered an Order pointing out that the First Amended Complaint was still not on file and therefore could not be screened. (Doc. 18). Plaintiff was given one final extension of time to file the First Amended Complaint. (*Id.*). The final deadline expired on June 10, 2022, and Plaintiff did not file his amended complaint or request additional time to do so.

The Court will not allow this matter to linger any longer. This action shall be dismissed with prejudice for failure to comply with the Court's Orders to file a First Amended Complaint and/or to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of Section 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Orders to file a First Amended Complaint and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467.  He must list each of the issues he intends to appeal in the notice of appeal.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/17/2022**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**